UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAUN BRASIER,

        Plaintiff,

    v.

VALDEZ PAINTING, INC., et al,

        Defendants.

No. 2:20-cv-01223-KJM-AC

ORDER

        Plaintiff Shaun Brasier moves to remand the case to Sacramento County Superior Court, and requests attorneys' fees. ECF No. 5. Defendant Valdez Painting, Inc. ("Valdez") opposes. Opp'n, ECF No. 7. Plaintiff replied. Reply, ECF No. 10.

        The court submitted the matter without oral argument. Having reviewed the moving papers and the applicable law, the court now GRANTS the motion in part and DENIES the motion in part.

    I.    BACKGROUND

        In this putative class action, plaintiff alleges various labor law violations arising from his employment as a painter by defendant. Not. Removal, Ex. A ("Compl.") ¶ 1, ECF No. 1. Plaintiff is a California resident, and defendant is a California corporation. *Id.* ¶¶ 1, 4. Plaintiff alleges, *inter alia*, that defendants failed to reimburse plaintiff and similarly situated

/////

1  employees for necessary business expenditures in violation of California Labor Code sections
2  2802 through 2804.  *Id.* ¶¶ 29–35.

3  Plaintiff disclosed in his responses to interrogatories that the work-related
4  expenditures he claims were not reimbursed included "paint brushes, paint removal products, and
5  other painting tools."  Not. Removal at 4.  Defendant asserts plaintiff's employment was covered
6  by a collective bargaining agreement, the Northern California Painters Master Agreement
7  Between District Council 16 And Northern California Painting and Finishing Contractors
8  Association ("the CBA").  *Id.* at 5.  The CBA contains the following provision:

> **Section 10. TOOLS** – Tools used in any phase of painting, papering and all other facets of the trade shall be at the sole discretion of the Employer. Journeyperson painters shall report to work with the usual tools of the trade, consisting of duster, putty knife, broad knife, hammer, screwdriver, pliers, while work clothes and special tools and equipment issued by the Employer.  The Employer shall verify that all Journeypersons have a valid driver's license and may participate in the B.I.T. program.  Employees shall not be allowed to attach any artificial equipment such as stilts to their arms or legs of their bodies in any manner whatsoever.

15  Valdez Decl. Ex. 1 (CBA), Art. 11, § 10.

16  Defendant removed the case to this court once it received plaintiff's responses to
17  special interrogatories, removing on the basis that the suit would require interpretation of the
18  CBA.  For that reason, defendant asserts the Labor Management Relations Act ("LMRA")
19  preempts state causes of action and creates federal jurisdiction.  Not. Removal at 5.  In response,
20  plaintiff brought the instant motion for remand.

21  II.  LEGAL STANDARD

22  "If at any time before final judgment it appears that the district court lacks subject
23  matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  District courts have
24  federal question jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the
25  Constitution, laws, or treaties of the United States."  Section 301 of the LMRA provides federal
26  jurisdiction over "[s]uits for violation of contracts between an employer and a labor
27  organization."  29 U.S.C. § 185(a).  Section 301 encapsulates "a congressional mandate to the
28  federal courts to fashion a body of federal common law to be used to address disputes arising out

2

of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (footnote omitted). "This federal common law, in turn, preempts the use of state contract law in CBA interpretation and enforcement." *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016) (internal quotation marks, citation omitted). Consequently, "[a]n action arising under § 301 is controlled by federal substantive law even though it is brought in a state court" and may be properly removed to federal court under federal question jurisdiction. *Avco Corp. v. Aero Lodge No. 375, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968).

Because § 301's preemptive force extends to "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement," *Lueck*, 471 U.S. at 211, § 301 preempts a state law claim so "inextricably intertwined" with the terms of a labor contract that resolution of the claim will require judicial interpretation of those terms, *id.* at 213. A defendant, however, cannot invoke § 301 preemption merely by alleging a "hypothetical connection between the claim and the terms of the CBA" or a "creative linkage between the subject matter of the claim and the wording of a CBA provision." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) (en banc). "'[L]ook[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). "A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Id.* at 693.

The Ninth Circuit has articulated a two-pronged test for determining whether § 301 preemption applies. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007). First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted and our analysis ends there." *Id.* at 1059 (citation omitted). If the court determines, however, that the right underlying the state law claim "exists independently of the CBA," the court must proceed to the second prong and consider whether the right is nevertheless "substantially dependent on analysis of a collective bargaining agreement."

3

*Id.* (internal quotation marks and citation omitted).  "If such dependence exists, then the claim is preempted by § 301; if not, then the claim can proceed under state law."  *Id.* at 1059–60.

### III.  DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant requests the court take judicial notice of the California Industrial Welfare Commission's ("IWC") Wage Order No. 16-2001.  Req. for Judicial Not., ECF No. 7–3.  IWC Wage Orders are records of a state agency not subject to reasonable dispute and thus judicially noticeable for their existence.  *City of Sausalito v. O'Neill*, 386 F. 3d 1186, 1223 n.2 (9th Cir. 2004).  The court notes, however, that in taking notice of the Wage Order, it notices only its existence and does not adopt defendant's characterizations of its legal effect.

### IV.  DISCUSSION

The parties appear to agree that the first prong of the *Burnside* test weighs against this court's exercise of federal jurisdiction.  Plaintiff asserts an employee's right to reimbursement for business expenditures is "founded through California Labor Code §§ 2802–2804" and not solely based on a right conferred by the CBA.  Mot. at 5.  Defendant cites to IWC Wage Order 16-2001 for the proposition that an employer may require employees whose wages exceed two times the minimum wage to "maintain hand tools and equipment customarily required by the particular trade or craft in conformity with Labor Code Section 2802."  Opp'n at 8 (citing IWC Wage Order 16-2001 § 8(B)).  In so doing, the court construes this as defendant's concession that the right at issue arises under state law and not solely under the CBA.

Because the parties agree the right at issue exists independent of the CBA, the second prong of the *Burnside* analysis controls here.  If plaintiff's claim for reimbursement of business expenses is "substantially dependent on analysis of a collective bargaining agreement," § 301 establishes a federal question and therefore preempts.  *Burnside*, 491 F.3d at 1059.  The test for whether a claim is "substantially dependent" on the terms of a CBA is whether the claim can be resolved by "looking to" versus "interpreting" the CBA.  *Id.* at 1060 (citing *Livadas*, 512 U.S. at 125).  If the court must look to the CBA to resolve the claim, there is no preemption; if it must interpret the terms of the CBA, § 301 preempts.  *Id.*  "Interpretation is construed narrowly; it means something more than to 'consider,' 'refer to,' or 'apply.'"  *Alaska Airlines, Inc. v. Schurke*,

4

898 F. 3d 904, 921 (9th Cir. 2018) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F. 3d 1102, 1108 (9th Cir. 2000)). Under this step of the analysis "claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Id.* (internal quotation marks and citation omitted). "[T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

Here, the complaint discloses plaintiff's intent to litigate defendant's alleged failure to reimburse "the costs associated with using their personal vehicles and cell phones" for business purposes. Compl. ¶ 15. It was only through discovery that defendant learned the expenses also included the cost of "various work-related items such as paint brushes, paint removal products, and other painting tools." Not. of Removal, Ex. C ("Pl's Resp. to Special Interrogatories"). Defendant asserts that under the CBA, plaintiff was required to furnish these items, because under the agreement, "[j]ourneyperson painters shall report to work with the usual tools of the trade, consisting of duster, putty knife, broad knife, hammer, screwdriver, pliers, white work clothes and special tools and equipment issued by the Employer." CBA, Art. 11, § 10.

In making this argument, defendant interprets the agreement as dividing responsibility between employer and employee for the purchase of these tools. Opp'n at 8–10. Defendant cites IWC Wage Order 16-2001 to theorize that the "Tools" clause is the CBA's way of requiring employees to "provide and maintain hand tools and equipment customarily required by the particular trade or craft in conformity with Labor Code Section 2802." Opp'n at 8 (citing IWC Wage Order 16-2001). The CBA "Tools" clause, however, is silent as to who bears the expense for these tools. This argument may be colorable, but it is essentially speculative. This action may, in time, require a determination of the division of responsibility for the financial costs associated with provision of these tools, but defendant's argument is too thin a reed to conclude a

5

federal question exists. Section 301 does not allow defendants to bootstrap a federal question from "hypothetical connection[s]" between state law claims and the CBA. *Burnside*, 491 F.3d at 1060. "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar*, 482 U.S. at 399 (emphasis in original). Therefore, the court GRANTS plaintiff's motion to remand.

## V.   ATTORNEY'S FEES

When remanding a removed case, the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The purpose of the fee-shifting provision under § 1447 is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

As discussed above, defendant's argument relating to the CBA is speculative and perhaps tenuous, but it is not frivolous. The "Tools" clause of the CBA speaks to the same tools plaintiff claims were not reimbursed and this argument has at least some foundation. Therefore, the court will DENY the motion's request for attorney fees.

## VI.   CONCLUSION

For the foregoing reasons, and because no other ground for federal jurisdiction appears on the face of the complaint, the court GRANTS plaintiff's motion to remand. This case is hereby REMANDED to Sacramento County Superior Court for all further proceedings. The court ORDERS the clerk of court to mail a certified copy of this order to the clerk of the Sacramento County Superior Court. All existing hearing dates are VACATED and the Clerk of Court is directed to close the case.

The court DENIES plaintiff's motion for attorney's fees. Each side shall bear its own fees and costs.

This order resolves ECF No. 5.

IT IS SO ORDERED.

DATED: September 11, 2020.

                                        CHIEF UNITED STATES DISTRICT JUDGE